UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICK QUATTROCIOCCHI, on behalf of himself and other individuals similarly situated, <br><br>         Plaintiffs,<br><br>  against<br><br>ROCHESTER INSTITUTE OF TECHNOLOGY; and other affiliated entities and individuals,<br><br>         Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff Nick Quattrociocchi (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This class action is brought on behalf of Named Plaintiff Nick Quattrociocchi and those similarly situated who paid tuition and fees for the Spring 2020 semester at Rochester Institute of Technology. As a result of Defendants' response to the Novel Coronavirus Disease 2019 ("COVID-19") Plaintiffs did not receive the benefit and services for which they bargained for when they provided payment for tuition and various fees.

2. Plaintiffs and Defendants entered into a contract where Plaintiffs would provide payment in the form of tuition and fees and Defendants would provide in-person educational services, experiences, opportunities, and other related services.

3. On or around March 15, 2020, Rochester Institute of Technology canceled all in-person education and transitioned to complete online education, following an extension of Spring Break recess.

1

4. Based on these closures Defendants have failed to uphold their end of the contract to provide in-person educational services and other related collegiate experiences and services.

5. Despite Defendants' failure to provide the services and experiences as bargained for Defendants have not offered proportionate refunds of the tuition and fees that Plaintiff and the Class had paid.

## FACTS

6. Plaintiff and Class Members are individuals that paid tuition and fees for the Spring Semester 2020 at Rochester Institute of Technology.

7. Defendants accepted Plaintiff's and Class Members' payments in exchange for educational services, experiences, and opportunities as detailed in Defendants' marketing, advertisements, and other public representations.

8. Based on the academic schedule, the Spring 2020 semester at Rochester Institute of Technology commenced on or around Jan. 13, 2020, and was scheduled to conclude on or around May 6, 2020.

9. Plaintiff Nick Quattrociocchi was an undergraduate student during the Spring 2020 semester. Rochester Institute of Technology charged plaintiff approximately $22,622 in tuition during the Spring 2020 semester. Additionally, Defendants charged the Named Plaintiff a total of approximately $1,498 in various fees for the Spring 2020 semester.

10. Plaintiffs paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services for the entire period beginning in or around January 2020 through mid-May 2020.

11. According to publicly available information, the average undergraduate tuition cost for the Spring 2020 semester at Rochester Institute of Technology varies from approximately

$22,133 - $25,282. Students also pay approximately $7,326 in related costs and fees, including room and board. The average tuition and fee cost for a graduate student for the Spring 2020 semester is approximately $50,136 in tuition and approximately $676 in related costs and fees.

12. On or around March 15, 2020, Rochester Institute of Technology announced that because of COVID-19 they would suspend all in-person classes for the remainder of the Spring Semester 2020 beginning on or around March 23, 2020 (following an extension of Spring Break recess) and that all learning would transition to online.

13. In or around April 2020, Rochester Institute of Technology announced that they would issue partial refunds and/or credits for room and board, meal plans, and parking fees.

14. Defendants were unable to provide in-person educational experiences, services, and opportunities for approximately 45% of the Spring 2020 semester.

15. Prior to the suspension of in-person classes for the Spring 2020 semester, Plaintiff attended on-campus events.

16. As a result of Defendants' closure, Defendants have not complied with their obligation to provide in-person educational services along with other experiences, opportunities, and services Plaintiff and the Class paid for.

17. Plaintiff and the Class did not enter into an agreement with Defendants for online education, but rather sought to receive in-person education from Defendants' institution.

18. Therefore, Plaintiff and Class Members are entitled to a pro-rata refund of the tuition and fees they paid to Defendants for in-person educational services as well as other marketed collegiate experiences and services that were not provided.

**JURISDICTION AND VENUE**

33. This Court has jurisdiction over the action pursuant to 28 U.S.C. §

1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

34. This court has personal jurisdiction over Defendants because Defendants maintains its principal place of business in this District.

35. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants' operate their primary campus within this district.

## PARTIES

36. Plaintiff Nick Quattrociocchi is a student and a resident of Penfield, New York 14526. Plaintiff was enrolled as a full-time undergraduate student at Rochester Institute of Technology during the Spring 2020 semester. Plaintiff has not received a refund of tuition and has only received partial refunds and/or credits of fees paid to Defendants, despite the fact that the University has been shut down since on or about March 15, 2020.

37. Defendant Rochester Institute of Technology is a private university located at One Lomb Memorial Drive, Rochester, NY 14623.

## CLASS ALLEGATIONS

38. Plaintiff brings this matter on behalf of himself and those similarly situated who paid tuition and fees to receive during the Spring Semester 2020.

39. Plaintiffs were impacted by and damaged by this misconduct.

40. Accordingly, this action is ideally situated for class-wide resolution.

41. The Class is defined as all individuals who paid tuition and fees to Rochester Institute of Technology to receive in-person educational services, experiences, and

opportunities during the Spring Semester 2020. ("Class").

42. The Class is properly brought and should be maintained as a class action under FRCP 23 satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

43. Numerosity: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of individuals who are Class Members described above who have been damaged by Defendants' breach of contract.

44. Commonality: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

   a. Whether Defendants accepted money from Plaintiff and Class Members in exchange for a promise to provide services;
   b. Whether Defendants provided those services as bargained for;
   c. Whether Plaintiff and the Class Members are entitled to a pro-rata portion of the tuition and fees paid for services that were not provided.;
   d. Whether Defendants were unjustly enriched;
   e. Whether Defendants converted money from the Plaintiff and Class Members.

45. Typicality: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was subject to Defendants' breach of contract, unjust enrichment and conversion. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

46. Adequacy: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent; his claims are common to all members of the Class and he has a strong interest in vindicating his rights; he has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class

Members' interests will be fairly and adequately protected by Plaintiff and his counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

47. The Class is properly brought and should be maintained as a class action under CPLR 901, 902 because a class action is superior to traditional litigation of this controversy. Common issues of law and fact predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' deceptive and misleading practices.

48. In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia*:

49. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

   a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;
   b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive-if not totally impossible-to justify individual actions;
   c. When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Class and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;
   d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;
   e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;
   f. This class action will assure uniformity of decisions among Class Members;
   g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h. Class Members' interests in individually controlling the prosecution of separate actions are outweighed by their interest in efficient resolution by single class action; and
i. It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendants' deceptive and discriminatory consumer practices.

50. Accordingly, this Class is properly brought and should be maintained as a class action under FRCP 23 because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

51. Plaintiff and the Class can maintain this action as a class action under FRCP 23(b)(1), (2), and (3).

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
**(On Behalf of Plaintiff and All Class Members)**

52. Plaintiff, on behalf of himself and other members of the class, brings a common law claim for Breach of Contract.

53. By accepting payment, Defendants entered into contractual arrangements with Plaintiff and Class Members to provide educational services, experiences, opportunities, and related services for the Spring Semester 2020.

54. Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services from January through May 2020.

55. Defendants received and retained the benefits without providing those benefits to Plaintiff and Class Members.

56. As a direct and proximate result of Defendants' breach of contract Plaintiff and Class Members have been harmed by not receiving the educational experiences, opportunities, and services they paid for during the Spring Semester 2020.

57. Defendants are required to perform under the contract and COVID-19 does not excuse such performance. Therefore, Defendants should be required to return pro-rata shares of the tuition and fees paid by Plaintiff and Class Members that related to services that were not provided for after Rochester Institute of Technology shut down on or around March 15, 2020.

**SECOND CAUSE OF ACTION**
**CONVERSION**
**(On Behalf of Plaintiff and All Class Members)**

58. Plaintiff, on behalf of himself and other members of the Class, brings a common law claim for Conversion.

59. Plaintiff and Class Members have an ownership right to the in-person educational services based on their payment of tuition and fees for the Spring Semester 2020.

60. Defendants intentionally interfered with Plaintiff and the Class Members' ownership right when they canceled in-person instructions for the remainder of the Spring Semester 2020.

61. Plaintiff and the Class Members were damaged by Defendants' interference as they paid for educational services, experiences, opportunities, and other related services for the entirety of the Spring Semester 2020 which were not provided.

62. Plaintiff and the Class Members are entitled to a pro-rata share of the tuition and fees they paid for but were not provided resulting from Defendants' interference.

**THIRD CAUSE OF ACTION**
**COMMON LAW UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

63. Plaintiff, on behalf of himself and other members of the class, brings a common law claim for unjust enrichment.

64. Plaintiff and Class Members conferred financial benefits and paid substantial

tuition and fees to Defendants for educational and related services for the Spring Semester 2020. As bargained for these tuition and fee payments were intended to cover in-person education throughout the entire Spring Semester 2020 of January through May 2020.

65. Defendants accepted the obligation to provide such services when they accepted payment.

66. Defendants retained these payments, despite Defendants' failing to provide the bargained for educational services, experiences, opportunities, and other related services for which the tuition and fees were collected to cover. Defendants should be required to return a pro-rated share of any Spring Semester 2020 tuition and fees, of which services were not provided as bargained for, since Rochester Institute of Technology shut down on or around March 15, 2020.

67. Under common law principles of unjust enrichment, it is inequitable for Defendants to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

68. Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## DEMANDS FOR RELIEF

69. Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class, pray for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under FRCP 23;

(b) Awarding monetary damages, including treble damages;

(c) Awarding punitive and treble damages;

(d) Awarding Plaintiff and Class Members their costs and expenses incurred in this

action, including a reasonable allowance of attorney's fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(f)     Granting such other and further relief as the Court may deem just and proper.

Dated: July 30, 2020

**THE SULTZER LAW GROUP, P.C.**

By: /s/ Jason P. Sultzer
_____
Jason P. Sultzer, Esq.
Joseph Lipari, Esq.
Jeremy Francis, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
liparij@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

*Counsel for Plaintiff and the Putative Class*